**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARTI ADDAMS-MORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07-649C** |
| **v.** | ) | **(Judge Hewitt)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that this Court dismiss this case because plaintiff, Marti Addams-More, pro se, alleges claims that this Court does not possess jurisdiction to entertain. In support of this motion, we rely upon the complaint and the following memorandum of law.

**<u>MEMORANDUM OF LAW</u>**

**<u>Issue Presented</u>**

Whether the United States Court of Federal Claims ("Court of Federal Claims") possesses jurisdiction to entertain claims involving the alleged deprivation of Social Security benefits.

**<u>Statement Of The Case</u>**

On September 4, 2007, Ms. Addams-More, proceeding pro se, filed her complaint with this Court. The gravamen of Ms. Addams-More's complaint appears to be the assertion that she has been denied social security benefits. For example, the complaint makes the following allegations:

18. Addams-More alleges trustee breach of fiduciary obligation pursuant to SSA Act benefits denied, reduced accruing to loss of productivity caused by mistake of fact wherein her "free speech" utilized to deny her free market opportunity, productivity.

19. Addams-More was born in 1938 with vitamin B-3 deficiency, since the cure was discovered in 1937, pellagra should never have deprived her of health and productivity, except for trustee breach of fiduciary obligation; whereby she brings suit to enforce the fiduciary duties of the trustee and to obtain her rightful benefits.

24. Addams-More has documented her reported complaints to SSA trust officers regarding her misdetermined disability; she was denied her disability file circa 1994-1995, under the Freedom of Information Act, circa 5-15-07 and 6-27-07.

Ms. Addams-More alleges three counts in her complaint all of which seem to relate to her allegations that she was "misclassified," "misdiagnosed," and thereby suffered various injuries from the deprivation of social security benefits to which she asserts she was entitled. Id. at ¶¶ 59-75. Ms. Addams-More further requests that this Court enter judgment against the United States, impose an equitable lien in the amount of $5,000,000,000 against the United States Treasury, and award Ms. Addams-More $25,000,000,000.

## ARGUMENT

### I. The Standard of Review For Dismissal For Lack Of Subject Matter Jurisdiction

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic

Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). This Court "cannot proceed to the merits of plaintiff['s] claim until jurisdiction is established." Haber v. United States, 17 Cl. Ct. 496, 499 (1989), aff'd, 904 F.2d 45 (Fed. Cir. 1990) (table) (citing Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514-15 (1869)).

Once the Court's jurisdiction is challenged, the plaintiff bears the burden of establishing that jurisdiction is proper. Newby v. United States, 57 Fed. Cl. 283, 289 (2003). Courts cannot waive jurisdictional requirements in pro se cases, even though pro se litigants are generally afforded leniency in pleading formalities. Dethlefs v. United States, 60 Fed. Cl. 810, 811 (2004). Although, "the Court must examine the pleadings to see if Plaintiff has a cause of action, evein if not clearly articulated . . . there is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." Raney v. United States, 78 Fed. Cl. 666 (2007) (citations omitted). "Moreover, a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Id. (citation and internal quotation marks omitted).

## III. Ms. Addams-More Has Not Alleged A Claim Based Upon A Money-Mandating Statute or Regulation

This Court's jurisdiction to entertain claims, and to grant relief, depends upon the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly

consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983), cert. denied, 464 U.S. 826 (1983).

In this Court, consent to suit is generally determined pursuant to the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. Pursuant to this statute, an action may be maintained only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself creates no substantive right of recovery against the United States. Testan, 424 U.S. at 398. Rather, the Act only confers jurisdiction upon the Court when there is an existing substantive right to money currently due and owing. Id. To fall within the scope of the Tucker Act, "a claim must be one for money presently owing, that is, money that is claimed to be due from the government under the terms of a particular statute or regulation or money alleged to have been improperly collected from the claimant by the government." Roberta B. v. United States, 61 Fed. Cl. 631, 634-35 (2004) (citing Eastport S.S. Corp. v. United States, 178 Cl. Ct. 599, 372 F.2d 1002, 1007 (1967)). Accordingly, for the Court to grant relief, there must exist some money-mandating statute or regulation that has been violated.

Because Ms. Addams-More's claims are not founded upon any money-mandating statute or regulation, they should be dismissed. Ms. Addams-More states that this Court possesses subject matter jurisdiction to entertain this matter "pursuant to 28 U.S.C. [§] 1491 (a) (1), (b) (1), Tucker Act Waiver of Immunity; and P.L. 99-509; the common law of trust; SSA Act of 1935, and Statute of Queen Anne, 9 Anne, Ch. 20 [§] 4, money mandating statutes, beneficiary interest injuriously affected." Compl. at ¶ 20. However, the gravamen of her complaint appears to be

that she contends she has been denied social security benefits. Id. at ¶¶ 18, 19, 24, 59-75.

This Court does not possess jurisdiction to entertain claims related to social security benefits. See Marcus v. United States, 909 F.2d 1470 (Fed. Cir. 1990). "Construing appellant's pleading in a light most favorable to him, that is, as a claim for social security disability benefits, we hold that the Claims Court has no jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), over claims to social security benefits, even considering appellant's assertions that he is entitled to relief under the Constitution." Id. Rather, actions for social security benefits must be brought in district court upon plaintiff's exhaustion of administrative remedies. Id. (citing 42 U.S.C. §§ 405(g) and (h) (1982)); see also Stewart v. United States, 3 Cl. Ct. 474 (1983) ("Upon exhaustion of administrative remedies, any SSA decision could have been appealed to the district court.") (citing 42 U.S.C. §§ 405(g), (h) (1976 & Supp. V 1981); 20 C.F.R. §404.900 (1983)). Accordingly, this Court does not possess jurisdiction to entertain Ms. Addams-More's claims and the complaint, therefore, should be dismissed.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY
Assistant Director

COURTNEY SHEEHAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

November 5, 2007

Attorneys for the defendant

CERTIFICATE OF SERVICE

I certify that on this 5th day of November, 2007, I caused to be serviced by United States mail (first class mail, postage prepaid) copies of "Defendant's Motion to Dismiss For Lack Of Subject Matter Jurisdiction" addressed as follows:

MARTI ADDAMS-MORE
256 S. Robertson Boulevard, #610
Beverly Hills, CA 90211